# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-1279
Filed July 22, 2026

———————————

**In the Interest of K.L., Minor Child,**

**K.L., Minor Child,**
Appellant.

———————————

Appeal from the Iowa District Court for Woodbury County,
The Honorable Mark C. Cord III, Judge.

———————————

**AFFIRMED**

———————————

Jack Bjornstad (argued) of Jack Bjornstad Law Office, Spirit Lake, attorney
for appellant minor child.

Brenna Bird, Attorney General, and David Banta (argued), Assistant
Attorney General, attorneys for appellee State.

———————————

Heard at oral argument
by Greer, P.J., and Buller and Langholz, JJ.
Opinion by Greer, P.J.

**GREER, Presiding Judge.**

K.L., a juvenile at the time of the underlying incident, appeals from the juvenile court's order revoking his consent decree, arguing that the court held a combined adjudicatory and dispositional hearing at the same time in violation of Iowa Code section 232.50(1) (2025).[1] On our review, in the absence of a transcript of the hearing, we are unable to verify the events that took place at the contested hearing to determine whether K.L. preserved error on his claim. We therefore affirm the juvenile court order.

## I. Background Facts and Proceedings.

In January 2025, the Sioux City Police Department received a report of child sexual abuse related to an incident occurring approximately one year prior. Upon investigation, it was suspected that K.L. had committed sexual abuse of a minor child. K.L. was questioned regarding this incident twice: once on February 3 when K.L. denied the allegations and again on February 10 when K.L. admitted the allegations. On February 24, the State filed a delinquency petition accusing K.L. of sexual abuse in the second degree.

An adjudicatory hearing was set for March 27. The parties then reached an agreement for a consent decree. By the terms of the consent decree, K.L. agreed to admit to the delinquent act of second-degree sexual abuse, and the court agreed to withhold formal adjudication pending a consent decree investigation. Prior to a hearing to grant the consent decree, K.L. underwent a psychosexual evaluation. This evaluation and the report

---

[1] This section provides that "[a]s soon as practicable following the entry of an order of adjudication . . . the court shall hold a dispositional hearing in order to determine what disposition should be made of the matter." Iowa Code § 232.50(1).

submitted to the juvenile court on May 22 recommended that K.L. be granted a consent decree that would withhold adjudication as long as K.L. complied with the conditions of the decree. The consent decree was granted on May 29 and confirmed by written order on June 5.

One major condition of K.L.'s consent decree was the cellphone agreement. This agreement stated that K.L. would provide his cellphone contents and passwords to his juvenile court officer; download a monitoring app; turn in his phone to his parents every night; not delete any browsing history, apps, or messages; not have specific social media apps on the phone; and "not view any sexually explicit content, have sexually charged conversations, or view any provocative material." K.L. signed all documents explaining the conditions of the consent decree, acknowledging he understood what was required of him and the consequences that would follow if any of the conditions were violated.

Things did not go well with the plan given K.L.'s choices. A motion to revoke the consent decree was filed on June 18, alleging that K.L. had violated the cellphone agreement, "missed a treatment session, missed a probation meeting, and accumulated new charges regarding child pornography on his phone." The juvenile court officer asked that the juvenile court "reinstate the proceedings for adjudication previously suspended by this Court." Because of the nature of contents on his phone, K.L. was charged with sexual exploitation of a minor after officers found that K.L.'s cell phone had folders containing hundreds of images of child sexual abuse material, including dozens of photos and videos that he had solicited from children via social media. A detention hearing was held on June 20, and the juvenile court ordered that K.L. be detained at a juvenile detention center. In anticipation of the July 9 hearing on the motion to revoke the consent decree,

3

on July 1, the juvenile court officer filed a "Review/Modification Hearing Report."

As a central focus for this appeal, on July 9, the juvenile court held one final hearing—the "adjudication/hearing to waive jurisdiction" for the new charge and "hearing on the motion to revoke the consent decree." The parties waived court reporting of this hearing, thus, no transcript is available, but the resulting order indicated that K.L. did not present any evidence. At the conclusion of this hearing, and as memorialized in a July 10 order, the juvenile court ordered that the consent decree would be revoked, K.L. would be adjudicated a delinquent child based on his admission to the initial allegation of sexual abuse in the second degree, and K.L. would be detained for forty-eight hours. The juvenile court also ordered that K.L.'s new charge would be waived to district court for K.L. to be tried as an adult and that K.L. would be required to register as a sex offender.

On July 23, K.L. moved to reconsider "the ruling made on July 10" and requested additional time to collect and present evidence in his defense. The State resisted, arguing the juvenile court no longer had jurisdiction over the case. The court concluded it was "without authority to reconsider or rescind" the July 10 order and denied K.L.'s motion. K.L. appeals.

## II.  Standard of Review.

We review challenges to a juvenile court's decisions regarding consent decrees "de novo, but only to the extent of examining all the evidence to determine whether the juvenile court abused its discretion." *In re J.J.A.*, 580 N.W.2d 731, 737 (Iowa 1998). "However, to the extent that our determination of this issue involves the interpretation of a statutory provision, our review is for correction of errors at law." *Id.*

### III. Analysis.

On appeal, K.L. challenges the juvenile court's dispositional procedures during delinquency proceedings. He argues that the juvenile court conducted both an adjudicatory hearing and a dispositional hearing simultaneously on July 9, which K.L. maintains is not permissible under Iowa Code section 232.50(1). K.L. argues he was entitled to a separate dispositional hearing.

The record is limited as the parties waived the reporting of the July 9 court hearing. While the juvenile court order provides details of what occurred at the hearing, from the limited record, it does not appear that K.L.'s counsel objected to the combined adjudicatory and dispositional hearing, nor did K.L.'s counsel request additional time to gather and present evidence. Instead the order stated, "There was no evidence offered on behalf of the child." Yet, on appeal, K.L. asserts that his counsel did not consent to the combined hearing. In his view, the lack of consent is confirmed by the motion to reconsider. The State, on the other hand, points to the motion to reconsider and the order addressing the motion and contends the issue there related only to the "ruling," which only applied to the waiver of jurisdiction on the new charges. The motion to reconsider order specifically said that the "[m]otion [to reconsider] is not relevant" to the detention issue on the sexual abuse of a child matter.

Still, we are not privy to any specific arguments at the July 9 hearing related to the juvenile court's choice to hold a combined adjudicatory and dispositional hearing. Both parties acknowledge that parties certainly can agree to hold these hearings at the same time. However, because we have no transcript of the hearing, we cannot be certain what happened before the juvenile court. Under our rules of appellate procedure, "[i]t is the

5

appellant's responsibility to ensure that the transcripts of any [juvenile] court proceeding needed for resolution of the appeal are included in the record." Iowa R. App. P. 6.803(1).

Without a transcript of the hearing, our "court may not speculate as to what took place or predicate error on such speculation." *In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005). Regardless of the arguments being made on appeal, we "will not consider facts for which there is no record support." *Alvarez v. IBP, Inc.*, 696 N.W.2d 1, 3 (Iowa 2005). We cannot assume that K.L.'s attorney objected to the combined hearing. Because we cannot find the answer in the juvenile court's order, we will not read between the lines as to do so would inappropriately make the order "a substitute for the required appellate record." *In re Marriage of Sprague*, 33 N.W.3d 589, 594 (Iowa 2026) (citation omitted). K.L.'s failure to comply with these rules precludes him from obtaining relief from our court.

"Without the benefit of a full record of the [juvenile] court's proceedings, it is improvident for us to exercise appellate review." *F.W.S.*, 698 N.W.2d at 135–36. For that reason, consistent with the caselaw addressing similar issues, we must affirm the juvenile court's ruling, "so long as it is not fundamentally erroneous on its face." *Sprague*, 33 N.W.3d at 594. The juvenile court's ruling is not fundamentally erroneous on its face, and we therefore affirm.

## IV. Conclusion.

We conclude that our rules and caselaw require that an appellant provide a proper record on appeal. Without this record, we cannot verify

whether the issue has been preserved for appellate review.  For that reason, we must affirm the juvenile court order.

**AFFIRMED.**